8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth MINES, Plaintiff-Appellant,
v.
Booth GARDNER, Governor; Amos Reed; Kurt Peterson,
Superintendent; Conrado Marapo, Employee of the Washington
State Department of Corrections; Larry Kincheloe,
Superintendent, et al., Defendants-Appellees.
 No. 92-36580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Mines, a Washington state prisoner, appeals pro se the order granting summary judgment for defendants and dismissing his 42 U.S.C. § 1983 action. Mines claims that his constitutional rights were violated when he was subjected to a digital rectal probe search when he was transferred into the Intensive Management Unit ("IMU") at the Washington Corrections Center ("WCC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of the elements to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 If a reasonable prison official could have believed that his actions were lawful, summary judgment on the basis of qualified immunity is appropriate. Act Up!/Portland v. Bagley, 988 F.2d 868, 872-73 (9th Cir.1993). We recently held that Washington state prison officials who implemented a policy permitting digital rectal probe searches on inmates before the inmates' entry into the Intensive Management Unit ("IMU") section of a prison are entitled to qualified immunity. Hemphill v. Kincheloe, 987 F.2d 589, 591, 594 (9th Cir.1993).
 
 
 5
 In his complaint, Mines alleges that when he was transferred into the IMU on July 8, 1985, he was "subjected to an unreasonable forced digital probe search that was not based upon any cause whatsoever." Mines claims that the digital rectal probe search was unreasonable because: (1) the probe search was not conducted in the prison hospital, but in a holding cell that contained a toilet; (2) after the probe search, the defendants denied his request to clean the grease, blood, and feces from his buttocks; (3) after the probe search the defendants denied his request for a shower for twenty four hours and a change of clothing for three days; (4) a female prison officer was allowed to watch the probe search.
 
 
 6
 In their motion for summary judgment, the defendants argue that they were entitled to qualified immunity because at the time it was not clearly established that digital rectal probe searches were unconstitutional even though based on less than probable cause.[1] The defendants also argue that Mines' probe search was conducted in a reasonable manner. In support of their motion, the defendants attached copies of the daily log from the IMU. These logs show that the holding cell was cleaned on a regular basis and was clean on the day of Mines' digital rectal probe search. The defendants also submitted affidavits from correctional officials. These affidavits assert that: (1) the specific holding cell was maintained in a clean and sanitary manner; (2) inmates who were subjected to strip and digital body cavity searches were issued clean underwear, T-shirts, socks, and a clean white towel; (3) the sink and urinal in Mines' cell in the IMU were in good working order; and (4) female correction officers and female personnel never viewed or participated in either strip searches or digital rectal probe searches at the IMU.
 
 
 7
 Mines did not file an opposition to the defendants' motion for summary judgment.[2] Therefore, Mines has not come forward with evidence sufficient to establish that the defendants conducted the digital rectal probe search in an unreasonable manner. See Celotex Corp., 477 U.S. at 322; Hemphill, 987 F.2d at 594.
 
 
 8
 Accordingly, we conclude that the defendants are entitled to qualified immunity. See Hemphill, 987 F.2d at 591, 594. Therefore, the defendants are entitled to summary judgment on the basis of qualified immunity. See Act Up!/Portland, 988 F.2d at 872-73; Hemphill, 987 F.2d at 593-94.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants also argue that the digital rectal probe search policy was reasonably related to a legitimate penological goal, and, therefore, constitutional. Because we determine that the defendants are entitled to qualified immunity, we need not decide whether the policy itself is constitutional. See Hemphill, 987 F.2d at 593 n. 3; see also Act Up!/ Portland, 988 F.2d at 972
 
 
 [2]
 On appeal, Mines argues that the district court improperly granted summary judgment for the defendants without allowing Mines sufficient time to respond. "The burden is on the nonmoving party, however, to show that material facts would be discovered that would preclude summary judgment." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Here, in response to Mines' motion for production of documents and to stay the proceedings, the district court ordered Mines to show cause within thirty days why his motion should not be denied. In addition, the court granted Mines additional time to file a response to the defendants' motion for summary judgment. Because Mines did not file a response, he has not met his burden of showing that material facts could be discovered that would preclude summary judgment. See id